UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 14-10314-WGY |
| v. | ) | |
| | ) | |
| MEL STEELE, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through the undersigned Assistant U.S. Attorney, requests that on April 15, 2015 the Court sentence defendant Mel Steele (hereinafter, "defendant" or "Steele") to a one-year term of probation, a sentence that is within the United States Sentencing Guidelines ("Guidelines") as calculated by the United States Probation Office.

I. Advisory Sentencing Guidelines

The parties' positions with respect to the Sentencing Guidelines, which are set forth in pages 2-3 of the plea agreement, are:

(i) in accordance with USSG §§ 2B1.1(a)(2), defendant's base offense level is 6, because the offense of conviction has a statutory maximum term of imprisonment of less than 20 years; and

(ii) in accordance with USSG §3E1.1, the U.S. Attorney agrees to recommend that the Court reduce by two levels defendant's adjusted offense level because of defendant's prompt acceptance of personal responsibility for the offense conviction in this case.

Accordingly, the total offense level is 4. Mr. Steele's criminal history category is I, which results in a GSR of 0 to 6 months' imprisonment. Presentence Investigation Report ("PSR") at ¶ 69.

II.     Factual Background

Sadly, up until the offense of conviction in the instant case, Mel Steele was a true Dorchester success story. Mr. Steele, who grew up "in neighborhoods with gang members" (PSR ¶ 54) and in a poor household where "domestic violence" was a reality (PSR ¶ 38), steered clear of the trouble that so often plagues young people in socio-economically challenged and crime-ridden neighborhoods. Instead of falling in with gang life and culture, Mr. Steele persevered through his studies and ultimately obtained a bachelor's degree in sociology from the University of Delaware in 2006. PSR ¶ 56.

Prior to obtaining his college degree, Mr. Steele chose a career dedicated to public service and helping the community in which he was raised. PSR ¶ 61. Aside from the instant offense, Mr. Steele led an exemplary career with the Boston Police Department, where he worked for 12 years. *Id*. Ironically, in choosing to serve his own community, Mr. Steele exposed himself to some of the dangers that he had been avoiding his entire life.

To a fault, Mr. Steele was loyal to his childhood friends. And despite his status as a Boston Police Officer, Mr. Steele, to his own detriment, refused to abandon the friends that he had left behind in Dorchester. Ultimately, Mr. Steele's decades-long friendship to Lamarr Axell, a Dorchester drug dealer, led to Steele's downfall, where, during a critical lapse in judgment, Steele's loyalty to a friend trumped his responsibility to his badge. *See* PSR ¶¶ 10-13. For the reasons stated herein and to be offered by the government at Mr. Steele's sentencing on April 15, 2015, the government respectfully requests a probation sentence for the defendant.

III.   18 U.S.C. § 3553 Factors

The defendant's admission of his conduct has already resulted in the loss of his job, the premature termination of 12 years of service to the Boston Police Department, and an effective lifetime bar from pursuing his career passion – law enforcement.

Although Mr. Steele committed a serious offense, since being contacted by federal law enforcement authorities, he has quickly admitted his conduct, he has accepted responsibility, and he has made substantial efforts to make amends for his conduct.  Mr. Steele has no criminal history.  *See* PSR ¶¶ 29-35.  Under these circumstances, specific deterrence will be served by a sentence of one year of probation.  General deterrence will also be served by this sentence, especially given the isolated nature of Mr. Steele's offense and the lifelong ramifications of this conviction upon Mr. Steele.

The government believes that a sentence of one year of probation is thus sufficient but not greater than necessary to acknowledge the seriousness of the offense, justly punish the defendant, protect the public, and promote respect for the law.  Accordingly, the government respectfully requests that the Court impose a sentence of one year of probation, 12 months' supervised release, and a $100 mandatory special assessment.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

By:   */s/ Dustin Chao*
      DUSTIN CHAO
      Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I, Dustin Chao, certify that I caused a copy of this memorandum to be served electronically via ECF on defense counsel and by e-mail to U.S. Probation.

    */s/ Dustin Chao*
    DUSTIN CHAO
    Assistant U.S. Attorney

Date:   April 5, 2015