UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 14-10314 WGY |
| | ) | |
| MEL STEELE | ) | |
| | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

### I. INTRODUCTION

MEL STEELE respectfully submits this memorandum to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

*Booker* restored this Courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. Indeed, under Section 3553(a), courts are *required* to sentence *below* the range if such a sentence would be sufficient to achieve the purposes of punishment.

### II. SENTENCING GUIDELINES

**Offense Level Computation**

In accordance with USSG s. 2B1.1(a)(2) the base offense level is 6 with a two level reduction for acceptance of responsibility. As such, the Defendant's total offense level is 4. Based upon a total offense level of 4 and a criminal history Category of I, the guideline imprisonment range is 0 to 6 months.

### III. THIS COURT SHOULD IMPOSE A SENTENCE THAT IS *SUFFICIENT, BUT NOT GREATER THAN NECESSARY* TO COMPLY WITH THE PURPOSES SET FORTH IN [18 U.S.C. § 3553(a)(2)]

MEL STEELE is a 36 year-old Man who by many accounts has lived an exemplary life. A product of the City of Boston, Mr. Steele made every effort in life to avoid the pitfalls and temptations of urban living. Growing up, Mr. Steele devoted himself to his family, his mother in particular. He excelled in school and athletics. Even though, he was surrounded by the negative attractions of urban existence, he religiously avoided the temptations of drugs, gang life and violence. By all accounts, he was beloved by his peers and educators alike.

Mr. Steele matriculated through college and eventually pursued a life long dream of becoming a law enforcement officer. Again, by all accounts he was an effective and dedicated police officer. This office has been bombarded by colleagues and former co-workers within the Department as well as the Office of the Suffolk County District Attorney expressing regards for the well being of Mr. Steele.

While there exist administrative barriers to providing letters of support, numerous individuals have nonetheless reached out to express condolences and support for Steele. Most recognize that Mr. Steele ought not to be judged solely upon this once instance of an error in judgment but upon his entire body of work. In this regards, Mr. Steele was well respected.

2

Mel Steele spent countless hours giving service to his community. He is the true embodiment of a community police officer. Undersigned had occasion to meet Mr. Steele while he presented himself to a downtrodden individual who had found himself in contact with the court system. Although, this individual was well on his way towards incarceration, Mr. Steele gave freely of his time and energy to help provide hope for this young man. It was clear that Mr. Steele was a man that believed in second chance and redemption.

Similarly, in the same fashion that Mr. Steele gave hope to the downtrodden, he is likewise a superb candidate for that same type of hope that he will recover form this colossal error in judgment and become an even better man than the one that was in uniform for the past twelve years.

### A.   Post-*Booker* Sentencing Considerations

The Court is no doubt aware of the broad ramifications of *United States v. Booker* for this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one of five factors to be considered in determining the sentence. *Booker*, 125 S. Ct. at 764-65. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the need to avoid unwarranted sentencing disparity; and (4) the need to provide restitution. *Id.*; 18 U.S.C. § 3553(a)(1), (a)(3), (a)(6)-(7).

3

In considering the Section 3553(a) factors, the sentencing guidelines are to be given no more or less weight than any other factor. *See United States v. Jaber*, 362 F. Supp. 2d 365, 370-76 (D. Mass. 2005) (providing comprehensive analysis of why sentencing guidelines do not reflect statutory purposes of punishment); *United States v. Ranum*, 353 F. Supp. 2d 984, 987 (E.D. Wis. 2005) (same).

Perhaps even more important, however, is that *Booker* establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of Section 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: The court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]. 18 U.S.C. § 3553(a) (emphasis added).

This so-called "parsimony provision" is not simply a factor to be considered in determining sentence, it represents a cap above which the Court is *statutorily prohibited* from sentencing—even when a greater sentence is recommended by the sentencing guidelines. *See United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

### (1)   *History And Characteristics Of The Defendant*

The Defendant has no prior record, and had an excellent work history before making the terrible mistakes and willful acts which led to his conviction. The Defendant has accepted full responsibility for his actions. He blames no one but himself for his actions. Based upon his actions, he is no longer a Boston Police Officer. He can never pursue this line of work ever again. He has essentially thrown away the past twelve years of his life. He must start all over again in life.

### (2)   *The Kinds of Sentences Available*

After *Booker*, the sentencing guidelines are not binding and courts have discretion to impose a sentence below the applicable guidelines range. In this regards, This Honorable Court has the ability to impose a sentence at the very bottom of the guideline range. In this regard, it is clear that Mr. Steele demonstrates extreme remorse for his conduct. From the very outset, he made the office of the United States Attorney aware that he intended to accept responsibility for his role in the offense. He has been both forthright and forthcoming in his dealings. He very responsibly resigned form his post in light of the pending charges.

    **A.) Defendant Shows Extreme Remorse** – United States v. Fagan, 162 F.3d 1280, 1284-1285 (10th Cir.1998)(because guidelines do not expressly forbid the departure, under rationale of Koon, court may downward depart where defendant showed great remorse "to an exceptional degree" even though D already received adjustment for acceptance of responsibility); United States v. Jaroszenko, 92 F.3d 486 (7th Cir.1996).

## IV.    PROBATION WITH ONE YEAR SUPERVISED RELEASE IS THE MINIMALLY SUFFICIENT SENTENCE FOR STEELE

As discussed above, *Booker* and 18 U.S.C. § 3553(a)'s parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment.

Here, it is respectfully submitted that a sentence of probation followed by one year of supervised release is sufficient to achieve the goals of punishment. Justice is certainly served by this proposed sentence. Probation is sufficient for a man that has no criminal record and has otherwise given of himself selflessly.

## V. CONCLUSION

For the reasons discussed above, MEL STEELE respectfully requests that the Court impose a sentence of probation followed by one year of supervised release.

Respectfully Submitted,
MEL STEELE
By His Attorney

/s/Rudolph F. Miller
75 Adams Street
Suite C
Milton, Massachusetts 02186
(617) 282-5600
BBO# 565807

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this court's directives on electronic filing.

Dated: 04/28/2015

Signed:/s/ Rudolph F. Miller